**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>Natorie Bowman,<br><br>Debtor-in-Possession. | Chapter 11, Subchapter V<br><br>Bankruptcy No. 26-00720<br><br>MOTION TO SELL FREE AND CLEAR AND FOR RELATED RELIEF |

COMES NOW the Debtor-in-Possession, Natorie Bowman, through her undersigned counsel, and respectfully asks this Court to authorize her to sell her homestead and enter a lease to continue living there, stating the following in support:

## Relief Requested

1. By this Motion, the Ms. Bowman requests entry of an order approving the transfer and sale of all of Ms. Bowman's interest in the real estate commonly known as 2075 Fieldcrest Lane, Ely, Iowa (the "Property") to Alicia Patik ("Ms. Patik") on the terms set forth herein.

## Jurisdiction & Venue

2. By Public Administrative Order No. 07-AO-16-P, dated December 5th, 2007, the United States District Court for the Northern District of Iowa referred all bankruptcy cases to this Court, under 28 U.S.C. § 157(a).
3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(N)
4. Venue is proper before the Court under 28 U.S.C. §§ 1408 & 1409.
5. The statutory predicates for the relief requested in this Motion are §§ 105(a), 363(b) & (f), and 541; Fed. Rs. Bankr. P. 2002(a)(2), 6004(a), (b), (c), (e), (f) & (h), 9007, 9014, and 9033; and Local Rule 6004-1(a).

## Background

*The Property, Leisure Zone, and Legal Proceedings*

6. On July 27, 2025 Ms. Bowman commenced a case by filing a petition for relief under chapter 11, subchapter 5 of the Bankruptcy Code.
7. The Property is Ms. Bowman's homestead. She lives at the Property with her minor child.
8. Ms. Bowman bought the Property in 2018 with her ex-husband Ross Bowman.

9. The Bowmans financed purchase of the Property through a promissory note dated March 15, 2018 in the original principal amount of $298,000.00 (the "Note") payable to Ohnward Bank & Trust ("Ohnward"). The Note is secured by a corresponding mortgage dated March 15, 2018 (the "Mortgage") on the Property granted to Ohnward. The Mortgage is the first position lien on the Property.
10. In 2021, Ross Bowman decided that he wanted to purchase the Leisure Zone Spa and Billiards business ("Leisure Zone"), which had multiple store locations in Eastern Iowa. Ross Bowman elected to finance the purchase through a loan in the amount of approximately $2,365,000.00 made by First Internet Bank of Indiana ("FIB"). Both of the Bowmans personally guaranteed the loan from FIB and granted FIB a second position mortgage on the Property.
11. At some point in 2024, Ross Bowman decided he was no longer interested in operating Leisure Zone, and Leisure Zone closed its doors. Then in 2025 Ross Bowman abandoned Ms. Bowman and their family.
12. On November 5, 2024, Ross Bowman filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Northern District of Iowa, case number 24-01083 (the "Ross Bowman Ch. 7").
13. On June 30, 2025, Ms. Bowman initiated a divorce proceeding against Ross Bowman in the Iowa District Court for Linn County, case number CDDM049503. Through the divorce she was awarded sole title to the Property, subject to the debts against it.
14. On July 18, 2025, FIB initiated a foreclosure proceeding against the Property in the Iowa District Court for Linn County, case number EQCV108208 (the "FIB Foreclosure"). The Bowmans, among others, were named defendants in the FIB Foreclosure.
15. Ross Bowman is no longer liable on the Note or note to FIB to purchase Leisure Zone as a result of the Ross Bowman Ch. 7 and no longer has an interest in the Property as a result of the divorce.
16. Since Ross Bowman abandoned Ms. Bowman and their family, Ms. Bowman has been unable to meet the financial burdens she has been left with. Ms. Patik—who is Ms. Bowman's mother—has been providing material financial support. To date, Ms. Patik has provided at least $113,739.27 in loans to Ms. Bowman (the "Loans") to support Ms. Bowman and her family.

*The FIB Foreclosure*

17. FIB seeks to dispossess Ms. Bowman and her family of the right to live at the Property through the FIB Foreclosure. Through the foreclosure, FIB would take the Property subject to the Mortgage.
18. Counsel for Ms. Bowman and Ms. Patik have tried to develop a settlement transaction with FIB that would provide material consideration to FIB, help address serious tax issues for Ms. Bowman stemming from associated debt forgiveness, and allow Ms. Bowman and the family to remain in the Property and prevent substantial hardship to the family.
19. Communications with FIB, however, have been slow and FIB has remained unwilling or unable to come to a deal with Ms. Bowman and Ms. Patik.
20. Accordingly, on July 9, 2026, Ms. Patik entered into an agreement with Ohnward to purchase the Note and Mortgage. Ms. Patik now holds the Note and Mortgage.

*Terms of Agreement*

21. By this Motion, Ms. Bowman seeks approval of an order under § 363 that would transfer the Property to Ms. Patik in exchange for a credit bid in the amount of $298,000.00 plus continuing interest and attorneys' fees. As part of the agreement, Ms. Patik will allow Ms. Bowman to rent the Property from Ms. Patik for reasonable fair market rent and allow Ms. Bowman and her family to continue living at the Property. Additionally, Ms. Patik would agree to waive her approximately $100,000.00 unsecured claim against Ms. Bowman for the Loans.
22. Accordingly, Ms. Bowman respectfully requests that this Court approve the sale to Ms. Patik and grant any other relief that is just and equitable.

## Basis for Relief Requested and Applicable Authority

*The Proposed Sale Satisfies § 363's Requirements*

23. The Property is property of Ms. Bowman's estate and can be sold under § 363, as the property in a debtor's estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case" including "wherever located and by whomever held." 11 U.S.C. § 541(a). As indicated by its language, § 541 is "very broad." *In re Simply Essentials, LLC*, 78 F.4th 1006, 1009 (8th Cir. 2023) ("Our circuit has reinforced this principal, stating '[t]he scope of this section is very broad and includes property of all descriptions,

tangible and intangible, as well as causes of action.'"); *In re Munroe*, 183 B.R. 667, 669 (Bankr. D.R.I. 1995).

24. Ample authority exists for approval of the sale and transfer of the Property contemplated by this Motion. Section 363 provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although that provision does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of a debtor's estate, courts have approved the authorization of a sale of a debtor's assets if such sale is based on the debtor's sound business judgment. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 389–390 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

25. Sales to "insiders" are authorized if they satisfy the "entire fairness" standard. *In re Zenith Elec. Corp.*, 241 B.R. 92, 108 (Bankr. D. Del. 1999). Transactions are entirely fair if they are for a fair price and the process used to make the offer is fair. *Id.; see also In re Latam Airlines Grp. S.A.*, 620 B.R. 722, 769 (Bankr. S.D.N.Y. 2020).

26. Here, the terms of the transaction between Ms. Patik and Ms. Bowman are entirely fair. First, Ms. Patik holds the first position mortgage on the Property and would be entitled to initiate a foreclosure proceeding as a result of the FIB Foreclosure, which is an event of default under the Note and Mortgage. Accordingly, FIB is in the same position through this Motion as it would be in a state court proceeding. Second, Ms. Patik is giving valuable consideration to Ms. Bowman for the Property. That consideration includes satisfaction of the liability under the Note and Mortgage, forgiveness of approximately $100,000 stemming from the Loans, and fair market lease terms for Ms. Bowman and her family to continue living at the Property. Indeed, the lease back to Ms. Bowman is entirely fair to her and her family given the circumstances surrounding Leisure Zone, the Ross Bowman Ch. 7, and the FIB Foreclosure. It enables Ms. Bowman's family to continue residing in their home during a time in their lives that has been tumultuous, to say the least. It avoids having to uproot them from their schools, friends, and lives and allows them to maintain some sense of normalcy despite the past few years' turbulence.

*The Property Should Be Sold Free and Clear of Liens, Claims, Interests, and Encumbrances*

27. Section 363(f) authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if any one of the following conditions is satisfied:
    a. applicable non-bankruptcy law permits sale of such property free and clear of such interest;
    b. the entity consents;
    c. the interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
    d. the interest is in bona fide dispute; or
    e. the entity could be compelled, in legal or equitable proceeding, to accept a money satisfaction of such interest.

    11 U.S.C. § 363(f); *see also In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (same).

28. Section 105(a) supplements § 363(f), providing that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *see also Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.)*, 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of claims] is within the court's equitable powers when necessary to carry out the provisions of [the Bankruptcy Code].").

29. Ms. Bowman submits that the sale of the Property free and clear of liens, claims, interests and encumbrances will satisfy one or more of the requirements under § 363(f) because, among other things, applicable non-bankruptcy law permits the sale of the Property free and clear of FIB's interest to Ms. Patik.

30. Ms. Bowman will send notice to any known creditor entitled to notice. She believes that FIB holds the only other lien on the Property. Accordingly, Ms. Bowman requests that, unless a party asserting a prepetition lien, claim or encumbrance on the Property timely objects to this Motion, such party shall be deemed to consent. *See Hargave v. Twp. of Pemberton*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (highlighting that by not objecting to a sale motion, a creditor is deemed to consent to the relief requested).

31. The purpose of a sale order authorizing the transfer of assets free and clear of all claims, liens and encumbrances would be defeated if claimants could later use the transfer as a basis to assert claims against a purchaser arising from a seller's pre-sale conduct. Therefore, Ms. Bowman asks that the Court authorize the sale of the assets free and clear of any liens, claims, interests, and encumbrances, in accordance with § 363(f).
32. Finally, Ms. Bowman asks the Court to waive Fed. R. Bankr. P. 6004(h)'s stay for the order granting this Motion.

WHEREFORE the Debtor-in-Possession respectfully asks this Court to authorize the sale of the Property to Ms. Patik and grant any other relief that is just and equitable given the circumstances.

Dated this 28th day of July, 2026.

Respectfully submitted,

AG & BUSINESS LEGAL STRATEGIES

/s/ Austin Peiffer
Austin J. Peiffer AT0014402
P.O. Box 11425
Cedar Rapids, Iowa 52410-1425
Telephone: (319) 363-1641
Fax: (319) 200-2059
Email: austin@ablsonline.com
ATTORNEY FOR DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of July, 2026, a copy of this document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on participants that receive service through the CM/ECF system.

Signed: /s/ Leah M. Johnson